# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. James B. Clark III, U.S.M.J. |
| v. | : | Mag. No. 21-10209 |
| NAIM COPELAND and JAKAI DENNIS | : | **SUPERSEDING CRIMINAL COMPLAINT** |

I, Steven Kane, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation and that this Complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached page and made a part hereof.

_____
Steven Kane,
Special Agent
Federal Bureau of Investigation

Special Agent Kane attested to this Complaint
by telephone pursuant to F.R.C.P. 4.1

June 14, 2021 at ____
Date

District of New Jersey ____
County and State

Honorable James B. Clark III
United States Magistrate Judge

Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
### (Possession with Intent to Distribute Crack Cocaine)

On or about July 28, 2020, in Essex County, in the District of New Jersey, and elsewhere, the defendants,

### NAIM COPELAND and
### JAKAI DENNIS,

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing 28 grams or more of a detectable amount of  cocaine base (crack cocaine), a Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT TWO
### (Possession with Intent to Distribute Heroin)

On or about July 28, 2020, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**JAKAI DENNIS,**

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT THREE
### (Possession with Intent to Distribute Crack Cocaine)

On or about May 13, 2021, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**JAKAI DENNIS**,

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of  cocaine base (crack cocaine), a Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FOUR
### (Possession of Firearms in Furtherance of a Drug Trafficking Crime)

On or about May 13, 2021, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

### JAKAI DENNIS,

in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, the drug trafficking crime charged in Count Three of this Superseding Complaint, did knowingly possess firearms, namely a .45 Caliber handgun bearing serial number GI128413 loaded with five rounds of .45 caliber ammunition, a .9mm handgun bearing serial number F12502 loaded 33 rounds of ammunition in an extended magazine, and an unloaded 9mm handgun bearing serial number 509050.

**ATTACHMENT B**

I, Steven Kane, am a Special Agent with the Federal Bureau of Investigation. I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

**COUNTS ONE AND TWO**

1.      On or about July 28, 2020, law enforcement officers with the Newark Police Department ("NPD") dressed in civilian attire and utilizing binoculars, were conducting proactive enforcement efforts near Fairmount Avenue and 14th Avenue in Newark, New Jersey as this area has a large volume of drug and gun activity and a shooting had occurred in that area approximately two days prior. While conducting their patrol, officers observed an individual later identified as defendant JAKAI DENNIS ("DENNIS") standing in front of 295 Fairmount Avenue. DENNIS was approached by a female who had what appeared to be United States currency in her right hand, which she provided to DENNIS. DENNIS then began to look in various directions, appearing to look for any unusual activity or possible police presence in the area.

2.      DENNIS then removed from his pocket a clear plastic bag and was observed removing from the bag unknown items which he handed to the female. The female then immediately left the area. DENNIS then placed the currency inside his right pocket and secured the clear plastic bag within his front waist band area.

3.      Believing that DENNIS had done a hand-to-hand narcotics transaction, continued observation of DENNIS was maintained. DENNIS was subsequently observed approaching the driver's side of a silver Jeep Grand Cherokee that had double parked on Fairmont Avenue. The driver of the Jeep, later identified as defendant NAIM COPELAND ("COPELAND"), lowered the driver side window and exchanged handshakes and began to engage DENNIS in conversation. During the course of their conversation DENNIS began to look in various directions and leaned into the driver-side window area. COPELAND displayed a black plastic bag, untied the handles, and removed from within the bag a clear plastic bag containing a white block form substance which he displayed to DENNIS, who momentarily grabbed it, inspected it and handed it back to COPELAND. COPELAND then removed a second clear plastic bag from within the same black plastic bag and displayed it to DENNIS. That bag also

appeared to contain additional white substances, which, based on numerous narcotics arrests in the past, were believed to be cocaine or crack cocaine.

4.      Backup police units were then called in. COPELAND was removed from the vehicle and detectives secured the previously observed black plastic bag which contained three clear plastic bags containing approximately 250 grams of crack cocaine.

5.      Upon being handcuffed, COPELAND managed to slide out of the handcuffs and was apprehended after a brief foot pursuit.

6.      While officers dealt with COPELAND, another officer stopped DENNIS. A search of DENNIS's waist area revealed a clear plastic bag containing approximately 26 jugs of suspected crack cocaine along with approximately 28 small bundles of individual glassine envelopes containing suspected heroin.

7.      Additionally, searches incident to their arrest resulted in the recovery of $805 in U.S. currency from COPELAND and approximately $180 from DENNIS.

## COUNTS THREE AND FOUR

8.      On or about May 13, 2021, members of the Essex County Prosecutor's Office ("ECPO") executed a search warrant at the Newark home of DENNIS's aunt. That search warrant was based upon information from a Confidential Informant ("CI-1")[1] who described the location inside DENNIS's aunt's home where DENNIS stored firearms and drug money.

9.      Upon executing the search warrant, ECPO detectives recovered a backpack containing approximately $5,500 dollars in US currency of suspected drug proceeds, drug paraphernalia (packaging materials), and approximately 339 vials of suspected crack cocaine.

10.      Also recovered next to the backpack containing the money and crack cocaine were three handguns in plastic bags: a .45 Caliber handgun bearing serial number GI128413 loaded with five rounds of .45 caliber ammunition, a .9mm handgun bearing serial number F12502 loaded with 33 rounds of ammunition in an extended magazine, and an unloaded 9mm handgun bearing serial number 509050 ("the three firearms").

---

[1] CI-1 is corroborated by the discovery of the firearms, drugs and money in the location where CI-1 said they would be found. Additionally, CI-1's information in the past has been corroborated by independent investigative techniques and  information CI-1 has told law enforcement has been shown to be accurate. Accordingly, law enforcement has deemed CI-1 to be reliable.

11.     All the items were found in a bedroom closet. Also inside the backpack were two photos of DENNIS together with a group of individuals, several of which are known to law enforcement to have felony drug records. DENNIS's aunt told ECPO detectives the items in the closet and the backpack belonged to DENNIS.