# MARK A. BAILEY, ESQ.

## *Attorney at Law*

1309 Bound Brook Rd
Middlesex, New Jersey 08846
Ph: 866-668-5058
Fax: 973-375-7440

November 21, 2022

Honorable Brian Martinotti
United States Magistrate Judge
Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

    **RE:**    **United States v. Naim Copeland**
           **Docket No. 21-10209**

Dear Judge Martinotti:

      Kindly accept this letter in lieu of a formal brief regarding Mr. Copeland's request for a bail hearing on short notice. Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, we hereby request a bail package that allows his release on a $100,000 Unsecured Appearance Bond that includes he resume living with paramour, Tanika Saunders, as his Third-Party Custodian in addition to all of the standard conditions of Pretrial Release as well as **any other conditions this Court deems appropriate.**

      As a preliminary matter, Mr. Copeland had an initial appearance on June 16, 2021, on a complaint charging him with unlawfully possessing with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §841 Judge James B. Clark made no findings for bail considerations however Mr. Copeland to have CDS in his system and therefore taken into custody. Prior to being taken into custody by federal authorities, client was on pre-trial release from State court since July 28, 20202 with no violations. As instructed by this Court on around November 16, 2022, defense counsel hereby files this bail application directly to this Court.

      Recently, defense counsel requested that the CDS be tested to determine whether the CDS Mr. Copeland is alleged to have been distributing was crack cocaine or cocaine. The test results revealed that the CDS Mr. Copeland is alleged to have been distributing was in fact cocaine as opposed to crack cocaine, thus reducing his guideline exposure significantly.

      Mr. Copeland now submits that living at home, with his paramour as his pre-approved Third-Party custodian, subject to a $100,000 Unsecured Appearance Bond, and with all other standard conditions of supervision, are the least restrictive conditions that the Court can set to reasonably assure his appearance *and* the safety of any other person and the community, pursuant to the factors in 18 U.S.C. § 3142(c)(1)(B). Specifically, Mr. Copeland proffers the following arguments as it relates to the Bail Reform Act factors in § 3142(g) as follows:

| | |
|---|---|
| **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE** | Mr. Copeland has pled not guilty. |
| **THE WEIGHT OF THE EVIDENCE AGAINST MR. COPELAND** | Mr. Copeland is presumed innocent. |
| **THE NATURE & SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY THAT WOULD BE POSED BY MR. COPELAND RELEASE** | Mr. Copeland has pled not guilty.<br><br>It is alleged that Mr. Copeland allegedly engaged in a drug transaction, was subsequently stopped in his car, he was released out of State court and the was a VOP filed against him. There was a VOP hearing and the board found that the evidence did not warrant revoking Mr. Copeland's Parole. |

**THE HISTORY AND CHARACTERISTICS OF MR. COPELAND**

| | |
|---|---|
| ***Ms. Copeland's Character, Employment, & Drug/Alcohol Abuse*** | Ms. Copeland has A High School Diploma from East Orange High and was working at a construction company at the time he was taken into custody. He had been there for a year earning $14 an hour.<br><br>He smoked marijuana as a teenager and last smoked 12 years ago, he successfully attended substance abuse treatment while incarcerated.<br><br>He is not a drug addict, an alcoholic, has a minimal education and clearly has a work ethic and is employable. |
| ***Mr. Copeland's Family Ties*** | Ms. Copeland is a lifetime resident of Essex County and maintains daily contact with his mother and six siblings.<br><br>He is 36 years old and has 4 children who he supports, financially and psychologically. |
| ***Mr. Copeland's Financial Resources*** | He lacks any financial resources and his goal is to resume working, continue with substance abuse counseling and resume being a co-parent for his four children. |

| | |
|---|---|
| ***Ms. Copeland's Length of Residence in the Community & Community Ties*** | Mr. Copeland is a United States citizen and is a lifetime New Jersey resident.<br><br>Mr. Copeland has no travel documents and has no intention of leaving New Jersey, much less the United States. |
| ***Ms. Copeland's Past Conduct, Criminal History*** | Mr. Copeland has a criminal history; it is reflected in his Pretrial Services Report. |
| ***Ms. Copeland's Record Concerning Appearance in Court*** | The Pretrial Services does reflect one case where he has failed to appear. There is no reason to believe or assume he would no longer appear to court appearances especially, since his failure to do so can subject her to incarceration. In addition, after the filing of the State Complaint he was released and not detained after a hearing pursuant to the State Bail Reform act. A VOP was triggered. A hearing was held and ultimately and The Parole Board did not violate his parole. Mr. Copeland was never detained and was out with no violations when the case was picked up by Federal Authorities. If he has any desire to flee, it would have manifested during the year in which he was free. At the bail hearing he was found to have CDS in his system. Mr. Copeland plans to seek substance abuse counseling when released. Substance abuse counseling is limited in the county jail. |
| ***Ms. Copeland Release Status*** | Mr. Copeland has been in custody since charged federally. |

Finally, Copeland respectfully requests to be present at this bail hearing either by way of video conferencing or in the alternative, telephone conferencing.

Your Honor's thoughtful consideration of this matter is appreciated.

Respectfully submitted,
s/Mark A. Bailey
MARK A. BAILEY
Attorney for the Defendant

cc:     Robert Frazier, Assistant U.S. Attorney (via e-mail)

Eloisa Paredes, U.S. Pretrial Services Officer (Via e-mail)
Mr. Naim Copeland (Via Regular Mail)
File